March 8, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JPMORGAN CHASE BANK, N.A.                    CIVIL ACTION

VERSUS                                       NO. 06-5658

ZACHARY A. CASEY, ET AL.                     SECTION "A"(2)

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment Pursuant to Rule 56 (Rec. Doc. 27)** filed by Plaintiff, JPMorgan Chase Bank, N.A. ("Chase").   Defendants, Zachary A. Casey and Amy Holding, LLC, oppose the motion.  The motion, set for hearing on January 24, 2007, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is GRANTED IN PART AND DENIED IN PART.

## I.   BACKGROUND

Defendants Zachary A. Casey ("Casey") and Amy Holding, LLC ("Amy") are guarantors on two loans extended to Pelts and Skins, LLC ("Pelts") by Chase and/or its predecessor.  On August 1, 2006, Pelts filed for bankruptcy relief under Title 11 of the United States Code.  Both loans at issue here, the first being referred to as "the revolving loan" and the second being referred to as "the term loan," are alleged to be in default.  Chase filed

this suit to collect from the guarantors on the indebtedness.

As of the filing of this motion on December 21, 2006, Chase contends that $7,532,176.40 is owed on the revolving loan, plus attorney's fees and costs, with Casey and Amy being bound in solido on the full amount of the indebtedness.  Similarly, Chase contends $3,490,238.69 is owed on the term loan, plus attorney's fees and costs, with Casey and Amy being bound in solido for the portions that they guaranteed-- ten percent and 100 percent, respectively.  In sum, as of the filing of this motion, Chase is seeking a total of $7,979,335.09 from Casey and a total of $11,022,415.09 from Amy.  Chase now seeks summary judgment on its claim against Casey and Amy as guarantors on the loans.

## II.  DISCUSSION

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  Id. (citing Anderson, 477 U.S. at 248).  The court must draw all justifiable inferences in favor of the non-moving party. Id. (citing Anderson, 477 U.S. at 255).  Once the moving party has

initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

Exhibit A to Chase's motion is a copy of a note evidencing a $9,000,000.00 loan to Pelts.  The due date on the note is June 30, 2006.  (Rec. Doc. 27, Exh. A).  This indebtedness is referred to by the parties as "the revolving loan."  Exhibit B contains two guaranty documents signed by Casey in his personal capacity in which he agrees *inter alia* to absolutely and unconditionally "guarantee the prompt and punctual payment, performance and satisfaction of any and all of [Pelts'] present and future" indebtedness in favor of the lender.  (Rec. Doc. 27, Exh. B).

Exhibits C, D, and E are offered by Chase in support of its contention that Amy is also a guarantor on the revolving loan. Exhibit C is a guaranty executed June 15, 2000, by an entity called Amy Holding, Inc., and Exhibit D is a guaranty executed June 15, 2000, by an entity called Pelts & Skins Export, Ltd. Amy Holding, Inc. and Pelts & Skins Export, Ltd. merged on

October 30, 2000, and became Amy Holding, LLC, referred to in this litigation as "Amy."  Chase contends that Exhibit E is a reaffirmation guaranty executed by Amy following the merger of the two guarantors, Pelts & Skins Export, Ltd. and Amy Holding, Inc.  Exhibit E entitled "Reaffirmation of Guaranty" was executed *by Amy Holding, Inc.*, not by Amy Holding, LLC., and in that document Amy Holding, Inc. acknowledges that the name change from Pelts and Skins Export, Ltd., to Amy Holding, Inc. does not affect the previously executed guarantys.  Exhibit E does *not* refer to Amy Holding, LLC, the named defendant in this action. Thus, nothing in the record supports Chase's contention that Amy Holding, LLC is liable on the revolving loan.[1]

Exhibit G to Chase's motion is a copy of a note evidencing a $3,792,000.00 loan to Pelts.  The due date on the note is December 30, 2004.  (Rec. Doc. 27, Exh. G).  This indebtedness is referred to by the parties as "the term loan."  Exhibit H contains a guaranty agreement signed by Casey in his personal capacity in which he agrees *inter alia* to absolutely and unconditionally "guarantee the prompt and punctual payment" of ten percent of the outstanding principal of the term loan in

---

[1] The Court recognizes that the guaranty executed by Amy Holding, LLC on December 30, 2004, is very broad and might apply to the revolving loan.  Chase submitted the document as Exhibit I in conjunction with the term loan and never attempts to link Exhibit I to the revolving loan.

Further, in the Broussard affidavit discussed infra, Broussard attests that Exhibit C to Chase's motion is a commercial guaranty executed by Amy Holding, LLC but Exhibit C is a guaranty executed by Amy Holding, Inc.

addition to 100 percent of "the remaining Loan."  (Rec. Doc. 27,

Exh. H).  Exhibit I contains a guaranty agreement executed on

December 30, 2004, by Amy Holding, LLC in which Amy agrees to

"absolutely and unconditionally" guarantee the prompt and

punctual payment of any and all present and future loans that

Pelts owes in favor of Chase.  (Rec. Doc. 27, Exh. I).

Finally, Chase has submitted an affidavit from Richard P.

Broussard, a Chase employee whose job title is not provided.

Broussard attests that he is the individual in charge of Chase's

lending relationship with Pelts.  (Rec. Doc. 27, Exh. I).

Broussard attests to the outstanding indebtedness owed on the

loans.[2]  Broussard attests that the amounts set forth in the

affidavit reflect the application of proceeds that Chase received

from liquidating certain securities that also guaranteed the

loans.  (Rec. Doc. 27, Exh. F).

Defendants do not dispute Chase's contention that they

guaranteed the loans that Chase made to Pelts, although they take

issue with the amounts that Chase is claiming.  Rather,

Defendants offer two main arguments in opposition to Chase's

motion.  First, Defendants rely upon Louisiana Civil Code article

3062 to argue that their obligations as guarantors have been

extinguished because Chase chose to release a significant amount

---

[2] Broussard also purports to authenticate the attachments to
the motions for summary judgment.  However, the exhibit numbers
that Broussard uses in his affidavit do not match the exhibit
numbers that Chase uses in its motion.

of the collateral that secured both of the loans without

Defendants' consent.  Defendants contend that their subrogration

rights have been impaired and that their potential exposure has

been expanded.  Second, Defendants argue that Chase has settled

its claims on the debts at issue with Pelts in the bankruptcy

proceeding thereby extinguishing the guarantys.  Defendants argue

that as part of the bankruptcy plan Chase renegotiated the terms

on the loans which means that they are no longer in default.

Both of Defendants' arguments are contrary to established

law.  Louisiana Civil Code article 3062, entitled Effect of

Modifications of Principal Obligation, provides in relevant part:

> The modification or amendment of the principal
> obligation, or the impairment of real security held for
> it, by the creditor, in any material manner and without
> consent of the surety, has the following effects.
>
> . . . .
>
> A commercial surety is extinguished to the extent the
> surety is prejudiced by the action of the creditor . . .
> .  The creditor has the burden of proving that the surety
> has not been prejudiced or that the extent of the
> prejudice is less than the full amount of the surety's
> obligation.

La. Civ. Code Ann. art. 3062 (1994).  However, First National

Bank of Crowley v. Green Garden Processing Co., 387 So. 2d 1070

(La. 1980), makes clear that the protections offered by article

3062 are contractually waivable.  In other words, article 3062

applies with full force where the contract is silent but where

the contract is not silent the parties are bound by its contents.

Id. at 1073.  The guaranty documents of record contain express

and broad waivers which permit Chase to encumber and alienate any of the collateral involved and to subordinate Pelts' indebtedness to that of any other creditor, all without notice to the guarantor and all without releasing the guarantors of their surety obligations.  (Chase Exhs. B at § 3, H at ¶ 6, & I at ¶ 6).  Moreover, Chase attests that all proceeds received from liquidating the securities have been credited to the amounts owed on the indebtedness.  (Chase Exh. F, at ¶ 10).  Thus, Defendants cannot avoid their obligations under the surety agreements by relying upon article 3062.

Defendants' second argument is likewise without legal merit. The Fifth Circuit has unequivocally rejected the argument that a creditor's willingness to participate in the debtor's plan of reorganization or to restructure the principal obligation as part of a bankruptcy proceeding functions to relieve the guarantor of liability.  See, e.g., NCNC Tex. Nat'l Bank v. Johnson, 11 F.3d 1260 (5th Cir. 1994); United States v. Stribling Flying Serv., Inc., 734 F.2d 221 (5th Cir. 1984) (citing 11 U.S.C. § 524(e)).

In sum, Chase is entitled to summary judgment against Casey as guarantor on the revolving loan and the term loan.  Chase is also entitled to summary judgment against Amy on the term loan. However, as noted above the record is deficient as to Amy's liability as guarantor on the revolving loan so Chase is not entitled to summary judgment on that claim notwithstanding Amy's failure to contest its liability as guarantor on that loan.

Finally, Defendants argue that issues of fact exist as to the amounts owed on the two loans.  Defendants have produced nothing but legal argument in support of this contention so the Court is not persuaded.  Nevertheless, given that this motion was filed nearly three months ago, the Court finds it appropriate to have Chase submit a new affidavit from its corporate representative attesting to the outstanding obligations of the guarantors along with a motion for entry of judgment as to the amounts owed.  At the same time, Chase can move for summary judgment on Amy's liability on the revolving loan assuming that Chase can produce the appropriate guaranty document.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment Pursuant to Rule 56 (Rec. Doc. 27)** filed by Plaintiff, JPMorgan Chase Bank, N.A. should be and is hereby **GRANTED IN PART AND DENIED IN PART**.  The motion is **GRANTED** as to liability on 1) Chase's claim against Casey on the revolving loan and the term loan, and 2) Chase's claim against Amy on the term loan.  The motion is **DENIED** in all other respects as outlined above.

* * * * * * * *